El Pueblo de Puerto Rico, demandante y apelado, *v.* Francisco Velázquez, acusado y apelante.

Núm. 13183.—*Sometido:* Noviembre 1, 1948. *Resuelto:* Noviembre 9, 1948.

*Benicio Sánchez Castaño,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández (José C. Aponte,* como *Procurador General Interino,* en el alegato) y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Francisco Velázquez fué acusado[1] ante la Corte de Distrito de Bayamón de un delito de atentado a la vida y con-

---

[1] Se acusó también a Jovino de Jesús pero el jurado rindió veredicto absolutorio a su favor.

victo por un jurado del delito de acometimiento y agresión grave. Solicitó la concesión de un nuevo juicio, que le fué denegado el 29 de octubre de 1946, y en esa misma fecha fué sentenciado a pagar una multa de cincuenta dólares y en su defecto a cumplir un día de cárcel por cada dólar que dejare de pagar, más las costas. El mismo día, 29 de octubre de 1946, el acusado apeló de la sentencia y de la resolución denegatoria de nuevo juicio para ante este Tribunal Supremo. El día 15 de noviembre de 1946 el acusado radicó ante la corte inferior una moción solicitando se anulara la sentencia dictada y se le absolviera. El fiscal se opuso. Después de celebrar una vista y oír a las partes, la corte resolvió que no tenía jurisdicción para conocer de dicha moción. El acusado apeló también de dicha resolución.

■ Alega el apelante que la corte inferior erró al declarar sin lugar la moción de nuevo juicio y al declarar sin lugar la moción sobre nulidad de sentencia. En cuanto al segundo error señalado, no es correcto afirmar que la corte desestimó la moción de nulidad. Lo que hizo fué declararse sin jurisdicción para resolverla por el hecho de que ya el acusado había apelado de la sentencia para ante este Tribunal. No erró al así hacerlo. *Pueblo* v. *Méndez,* 67 D.P.R. 824, especialmente en reconsideración a la pág. 829 y *Pueblo* v. *Rivera,* ante, pág. 339, en relación con la improcedencia de una moción de reconsideración radicada después de haberse apelado de la sentencia.

■ No erró la corte al declararse sin jurisdicción y tampoco al denegar la moción de nuevo juicio. Dicha moción se basó en el incidente ocurrido al regresar a sala el jurado después de haber deliberado y que aparece en la página 324 de la transcripción de la evidencia:

"Sr. Juez: En cuanto al otro veredicto, la Corte va a mandar otra vez al Jurado al cuarto de deliberaciones porque es informal el veredicto. No dice lo que debe decir, si es culpable o si no es

culpable; no dice eso. Se le devuelve el veredicto al Jurado para que le pongan lo que ellos crean que le deban poner. Pasen afuera de nuevo. Y bajo el mismo juramento que tiene el márshal.

"La Corte, en cuanto a Jovino de Jesús, de acuerdo con el veredicto rendido por el Jurado, lo declara no culpable y lo absuelve libremente y se cancela la fianza. El otro acusado tiene que quedarse esperando el veredicto. Receso hasta que vuelva el Jurado. Llévele tres impresos más al Jurado, el propio márshal. Arriba.

(Bajan de nuevo los señores del Jurado a la sala de sesiones.)

"Sr. Juez: ¿Han llegado a un veredicto los señores del Jurado con respecto a Francisco Velázquez, el otro acusado?

"Sr. Presidente: Sí, señor.

"Sr. Juez: La Corte declara el veredicto formal. El Secretario dará lectura al mismo y lo anotará en el libro de actas.

"Sr. Secretario: 'Nosotros, señores del Jurado, declaramos al acusado Francisco Velázquez culpable del delito de Acometimiento y Agresión Grave. Solicitamos clemencia para el acusado.

" 'Bayamón, Puerto Rico, 26 de septiembre de 1946. (Fdo.) F. Ginorio, Presidente.'

"Sr. Juez: ¿Ese es el veredicto de los señores del Jurado?

"Sr. Presidente: Sí, señor.

(Asienten todos los demás miembros del Jurado.)

"Sr. Juez: La Corte declara el veredicto consumado y declara al acusado Francisco Velázquez culpable del delito de Acometimiento y Agresión Grave. Debe añadirse ahí el veredicto en que pusieron nulo para que quede en el caso, y dos . . . y los dos modelos en blanco que no llegaron a utilizar."

Nada encontramos en este incidente que perjudicara los derechos del acusado. El párrafo segundo del artículo 288 del Código de Enjuiciamiento Criminal dispone que "Si el jurado pronunciare un veredicto que no fuere ni general ni especial, podrá el tribunal ordenarle que lo considere nuevamente, y no se tomará razón de él, mientras no estuviere formulado en términos claros y precisos." Eso fué lo que ocurrió en este caso. El veredicto que primeramente trajo el jurado a sala no podía ser considerado como tal, ya que en el mismo no se especificaba si el jurado declaraba al acusado culpable o inocente. La corte se limitó a llamar la

344

atención del jurado en que debían "ponerle lo que ellos crean que le deben poner" y los envió de nuevo al cuarto de deliberaciones.  Al regresar rindieron un veredicto formal de culpabilidad del delito de acometimiento y agresión grave, el cual fué propiamente admitido por la corte.

*Debe confirmarse la sentencia.*